UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE C. BECKER and                                    **REPORT AND**
THOMAS M. BECKER,                                     **RECOMMENDATION**

                             Plaintiffs,              10-CV-00792(A)(M)

     v.

RICHARD A. LINDBLOM,
                         Defendant.
_____

Pursuant to 28 U.S.C. § 1447(c), plaintiffs move to remand of this action to State

of New York Supreme Court, County of Chautauqua, and an award of costs and attorneys' fees

[6].[1]  "A magistrate judge presented with such a motion should provide a report and

recommendation to the district court that is subject to *de novo* review under Rule 72."  Williams

v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008).

For the following reasons, I recommend that the motion be denied.


**BACKGROUND**

On January 12, 2010, plaintiffs commenced this action by filing a Summons and

Complaint in State of New York Supreme Court, County of Chautauqua, seeking an unspecified

amount of damages arising out of an automobile accident on April 4, 2009 ([6], Ex. B).[2]  The

---

[1]      Bracketed references are to CM-ECF docket entries.

[2]      N.Y. C.P.L.R. §3017(c) provides that a complaint in a personal injury action "shall not
state the amount of damages to which the pleader deems himself entitled", but allows the defendant to
"request a supplemental demand setting forth the total damages to which the pleader deems himself
entitled".

Complaint alleged that defendant "was and still is a resident of the County of Chautauqua and State of New York" (id., ¶2).

On June 9, 2010, defendant served an Answer to the Complaint ([6, Ex. C) in which he denied that he was domiciled in New York. (id., ¶2]), and asserted a counterclaim seeking indemnification or contribution from plaintiff Thomas Becker, the driver of plaintiffs' automobile (id., ¶¶6-7). Along with his Answer, defendant served plaintiffs with a demand for "a statement setting forth the total damages to which the plaintiffs deem themselves entitled", pursuant to C.P.L.R. § 3017(c) [8-3].

On September 30, 2010, plaintiffs served defendant with a response to the CPLR § 3017 demand, stating that they seek judgment in the amount of $3 million ([6], Ex. A). On October 4, 2010, defendant filed a Notice of Removal to this court, alleging diversity of citizenship, in that plaintiffs are citizens of the State of New York and defendant was at the time of commencement of the action, and still is, a domiciliary of the State of Florida, with no intention of returning to New York, and that the amount in controversy exceeds $75,000 ([6], Ex. A, ¶3).

In moving for remand, plaintiffs argue that by asserting a permissive counterclaim in state court, defendant has waived his right to remove the action to this court (plaintiffs' Memorandum of Law [6-1], Point I). In the alternative, plaintiffs argue that defendant "has failed to come forth with affirmative proof and documentation establishing that New York was no longer his domicile prior to the commencement of the action . . . . In the absence of such proof, the Court must remand the case back to New York State Court for want of subject matter jurisdiction" (id., pp. 11-12).

In response to the motion, defendant argues that at the time he served his Answer containing a counterclaim, "the amount in controversy had not yet been established to be more than $75,000.00 to establish subject matter jurisdiction thorough the parties' diversity". Poole Opposing Affirmation [8], ¶12. Defendant has also submitted an Affidavit stating that he has resided in the State of Florida since September 2009, that he resided there at the time this action was commenced, and that since September 2009 he has had no intention of moving back to the State of New York ([8-6], ¶¶1-4).

## ANALYSIS

### A.      Waiver of the Right to Remove

"A defendant may waive the right to remove a state court action to federal court by taking actions in state court, after it is apparent that the case is removable, that manifest the defendant's intent (1) to have the case adjudicated in state court and (2) to abandon the right to a federal forum." 16 Moore's Federal Practice (Third Ed. 2010), § 107.18[3][a].

However, because waiver "refers to a litigant's intentional relinquishment of a known right", Schipani v. McLeod, 541 F.3d 158, 160 (2d Cir. 2008), the defendant's actions in state court can waive the right of removal only where it is "unequivocally apparent that the case is removable" at the time those actions were taken. Moore's, § 107.18[3][a]. Thus, where the "actions in state court by defendant . . . were taken before it was unequivocally apparent that the case was removable", they do not constitute waiver of the right to remove. Akin v. Ashland Chemical Co. 156 F.3d 1030, 1036 (10th Cir. 1998).

This rule applies to the filing of permissive counterclaims before the right to remove becomes apparent. *See* <u>Mattel, Inc. v. Bryant</u>, 441 F. Supp.2d 1081, 1090-91 (C.D.Cal. 2005), <u>aff'd</u>, 446 F.3d 1011 (9th Cir. 2006) ("Mattel argues that Bryant waived his right to remove by filing permissive counter-claims in state court after the case had become removable . . . . However, for there to be a waiver, it must have been unequivocally apparent that the case was removable before the defendant engaged in the litigation conduct . . . . The instant action was not removable on September 8, 2004, when Bryant filed his counter-claims. As noted above, it was not unequivocally apparent that the case was removable any time before October 2004 . . . . Thus, Bryant did not waive his right to remove"); <u>George v. Al-Saud</u>, 478 F.Supp. 773, 774 (N.D.Cal.1979) ("While such a filing, made after the case is known to be removable and before seeking removal, may constitute a waiver, here the counterclaim was filed before the case was clearly removable, and no waiver can be implied").

Plaintiffs argue that defendant should have known that the case was removable due to settlement demands made from the fall of 2009 (before the action was even commenced) through the spring of 2010. Letro Reply Affidavit [9], ¶¶8-10. However, plaintiffs do not allege that any of these demands were made in writing, and "the removal clock does not start to run until the plaintiff serves the defendant with a *paper* that explicitly specifies the amount of damages sought." <u>Moltner v. Starbucks Coffee Co.</u>, ___ F.3d ___, 2010 WL 4291299, *3 (2d Cir. November 2, 2010) (emphasis added). *See also* 28 U.S.C. §1446(b) ("a notice of removal may be filed within thirty days of receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). The removal standard "does not require a defendant to look beyond

the initial pleading for facts giving rise to removability . . . . [T]he relevant test is not what the defendants purportedly knew, but what the document said". Whitaker v. American Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001).

Thus, it did not become "unequivocally apparent" that removal was possible until defendant received plaintiffs' September 30, 2010 notice stating that the amount in dispute was $3 million. Since that occurred long after defendant asserted his counterclaim, he did not waive his right to remove.

**B.      Adequacy of Proof of Diversity of Citizenship**

Plaintiffs argue that defendant's Affidavit "contains no supportive documentation such as a driver's license, utility bills or other forms of proof which demonstrate when the Defendant became a citizen of Florida". Letro Reply Affidavit [9], ¶12. However, defendant swears under oath that he has resided in Florida since before this action was commenced [8-6], and "[i]n the absence of contrary evidence, the affidavit . . . should be presumed to be true." Owen v. Soundview Financial Group, Inc., 71 F. Supp.2d 278, 279 (S.D.N.Y. 1999).

Plaintiffs also point to the police accident report indicating that defendant was a New York resident at the time of the accident. Letro Reply Affidavit [9], ¶12. However, the relevant time frame is not the date of the accident, but the date of commencement of the action and the filing of the removal petition. "[W]here [the] basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994).

Should plaintiffs later be able to demonstrate, through pretrial discovery or otherwise, that defendant was in fact a citizen of New York at the relevant times, they may renew their motion for removal and other relief. *See* 28 U.S.C. § 1147(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal").

## CONCLUSION

For these reasons, I recommend that plaintiffs' motion for remand, costs and attorney's fees [6] be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by December 6, 2010 (applying the time frames set forth in Fed. R. Civ. P. ("Rule") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

Dated: November 18, 2010

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge